IN THE MATTER OF THE APPLICATION OF FRANK FERRIS for a Writ of Error.

Whenever, for any cause, any convict sentenced to the punishment of death shall not have been executed pursuant to such sentence, the Supreme Court, having the convict before it, and, upon inquiry into the facts and circumstances of the case, finding no valid reason against the execution of the sentence, are required to issue their warrant to the sheriff of the proper county, commanding him to do execution of the sentence, at such time as shall be appointed in such warrant.

Should the court, at the time of the issuing of such warrant, recapitulate the sentence of the former court, as though it were the judgment of the Supreme Court, such informality would not be error.

*W. F. Kintzing* for motion.

*G. S. Bedford, Jr.* (Assistant District Attorney), in opposition.

DAVIES, Ch. J.   The facts appearing upon this application are as follows:  The prisoner was indicted, tried and convicted in the Court of General Sessions of the Peace in and for the city and county of New York, on the 28th day of February, 1865, of the crime of murder in the first degree, and sentenced to be executed on the 31st of March following. On the day of his conviction and sentence, the case was removed, by a writ of error, to the Supreme Court for review, and on the 22d of December, 1865, the judgment of the Sessions was affirmed by that court.   The case was then taken, by writ of error, to this court, and in the month of June last the judgment of the Supreme Court was affirmed, and the record remitted to the Supreme Court to proceed therein according to law.   On the 22d day of June last, after the said record had been remitted from this court, the Supreme Court proceeded therein in the manner following : On that day the prisoner was brought into said court, before the General Term thereof, by virtue of a writ of *habeas corpus*, issued therefrom, and the said court did thereupon " consider, order and adjudge that the prisoner, for the murder in the .

first degree and felony aforesaid, whereof he stands convicted, be taken thence to the city prison of the city of New York, from whence he came, and on Friday, the 17th day of August next, be hanged by the neck until he is dead." This sentence is identical with and but a repetition of that pronounced by the Court of General Sessions, except in the day fixed for its execution, and the said court did therefore issue its warrant to the sheriff of the city and county of New York, to cause execution to be done upon the said Frank Ferris according to law, and the said court did therefore appoint the seventeenth day of August then next as the day upon which the said sentence should be executed.

The governor, on the application of the prisoner, respited the execution of the sentence until the 19th day of October, 1866.

It is now urged, on behalf of the prisoner: 1. That the Supreme Court had no authority to pronounce judgment of death upon this prisoner, the judgment of the Court of General Sessions being still valid, operative, and now affirmed, and the only one upon which the prisoner can be hanged. 2. That the Supreme Court had no authority to fix a day for the execution of the prisoner; the sole power to do that being in the court in which he was tried, convicted and originally sentenced. We think it may be conceded that as to the first branch of the first position of the prisoner's counsel, namely, that the Supreme Court had no authority to pronounce judgment of death upon the prisoner, it is sound. A judgment of death had been pronounced by a competent court, and remained in full force, and we entirely concur with prisoner's counsel in the second branch of his first proposition, to wit, that the judgment of the Court of General Sessions being still a valid, operative, and affirmed judgment, was the only one upon which the prisoner could be executed. It was, therefore, a work of supererogation in the Supreme Court to have passed sentence again upon the prisoner. The sentence already passed was in accordance with the law, was valid, operative and unreversed, and had been affirmed by the court of last resort. There was no

occasion, therefore, for another sentence; and this act of the Supreme Court, although uncalled for, worked no detriment or injury to the prisoner, and is no ground for a reversal of the original judgment or sentence. That remains in full force, valid and operative. What, then, remained for the Supreme Court to do, to comply with the directions of this court to proceed according to law, on the record being remitted from this court to that? That duty is clearly pointed out in the statutes of this State (3 R. S., p. 937, §§ 23, 24).

Section 23 enacts: "Whenever, for *any reason*, any convict sentenced to the punishment of death shall not have been executed pursuant to such sentence, and the same shall stand in full force, the Supreme Court, on the application of the attorney-general, or of the district attorney of the county where the conviction was had, shall issue a writ of *habeas corpus* to bring such convict before such court; or, if he be at large, a warrant for his apprehension may be issued by the said court, or any justice thereof." Section 24 enacts: "Upon such convict being brought before the court, they shall proceed to inquire into the facts and circumstances, and if no legal reasons exist against the execution of such sentence, they shall sign a warrant to the sheriff of the proper county, commanding him to do execution of such sentence, at such time as shall be appointed therein; which shall be obeyed by such sheriff accordingly."

All these provisions have been literally complied with in the present instance, and the only departure from them is one of form and not of substance; that is, the repronouncing by the Supreme Court the same sentence and judgment which had already been pronounced by the Court of General Sessions, and which had been affirmed by the Supreme Court and by this court. The duty of the Supreme Court, and its whole duty, was, on being informed that the sentence had not been executed, to cause the convict to be brought before that tribunal. That was done here. Upon his appearance there, the court was to inquire into the facts and circumstances, and if it should find that no legal reasons existed why the sentence should not be executed, then it was made the duty of

the court to issue a warrant to the sheriff of the·county in which the conviction was had, commanding him·to do execution of such sentence at such time as the court should appoint. All this has been done, in strict fulfillment of these directions, and we do not see any reason for doubting their regularity. The circumstance that the Supreme Court repeated the sentence already in force and operative, does not, in our opinion, vitiate or impair what was done, or make it less effectual. That court, with the exception of this unessential particular, has proceeded pursuant to the directions of this court, according to law.

These considerations dispose of the second position taken by the prisoner's counsel, namely, that the Supreme Court had no authority to fix a day for the execution of any judgment against the prisoner.

We have seen that the language of the Revised Statutes, already quoted, fully authorizes the Supreme Court to name a day for the execution· of the sentence, then in full force. The argument of the prisoner's counsel is based upon the second section of the act of April 18, 1859. (Laws of 1859, chap. 462.) It is in these words: "Whenever, after the conviction upon any indictment, the record thereof shall be removed from any other court into the Supreme Court for the purpose of review, the Supreme Court shall, upon affirming or reversing the judgment or other proceedings, remit the record to the court from which the same was removed; and the court to which the same shall be so remitted shall have power to proceed thereon according to the decision and direction of the Supreme Court."

The Revised Statutes had provided for the action of the Supreme Court upon writs of error or *certiorari* in criminal cases. Section 24 (R. S., 741) declares: "If the Supreme Court shall affirm such judgment, it shall direct the sentence pronounced to·be executed, and the same shall be executed accordingly. If the Supreme Court shall reverse the judgment rendered, it shall either direct a new trial or that the defendant be absolutely discharged, according to the circumstances of the case." This section was amended by

the act of April 24, 1863 (Laws of 1863, chap. 226), by adding thereto the following provision: "Provided, however, that the appellate court shall have power, upon any writ of error, when it shall appear that the conviction has been legal and regular, to remit the record to the court in which such conviction was had, to pass such sentence thereon as the said appellate court shall direct."

We had occasion, in the case of *Ratzky* v. *The People* (29 N. Y., 124), to pass upon this section, as amended. In that case we were of the opinion that the conviction of the prisoner had been legal and regular, in the Kings Oyer and Terminer, but that the sentence pronounced upon such conviction was unwarranted in law, and we therefore reversed the judgment of the Supreme Court, affirming the same, and directed the record to be remitted to the Court of Oyer and Terminer, to pass the sentence prescribed by this court. We think that it would have been competent for this court to have fixed the day for the execution of the sentence which this court, by its judgment, affirmed. Such, certainly, was the practice in the Court for the Correction of Errors, and there is no reason which can be suggested, why this court could not do what it was competent for that court, unless restrained by statute. In the case of *The People* v. *Enoch* (13 Wend., 159), the chancellor, in delivering the opinion of the court, said, in affirmance of a judgment of the Supreme Court in a capital case: "I am also of opinion that, in a case like the present, where the execution of the sentence is respited by the governor until a particular day, it is the duty of the sheriff to proceed and execute the judgment of the court at that time, unless a further respite is granted, or the judgment has been reversed or annulled in the mean time. I am also of opinion that this is not a case in which it is necessary to sue out a writ of *habeas corpus*, and to have the convict brought into the Supreme Court before the sentence of the law can be executed upon him. The judgment of affirmance may, therefore, contain a special direction to the sheriff to execute the sentence on the day

to which the execution thereof was last respited by the governor."

In the case of *The People* v. *Clark* (3 Seld., 385), this court, on reversing a judgment of the Supreme Court and affirming the judgment of the Oyer and Terminer, in a capital case where the latter court had sentenced the prisoner to be executed, ordered that, as the day fixed for the execution had passed, the proceedings must be remitted to the Supreme Court, to pronounce sentence anew against the prisoner. The order actually made in this court was, that the record be remitted to the Supreme Court, in order that that court may direct the sentence of death to be executed, and that court did accordingly proceed to have that sentence executed. (See *The People* v. *Clark*, 1 Par. Cr. Rep., 360.)

We think the provisions of the second section of the act of 1859 are inapplicable to a case like the present, when the record is immediately removed out of the Supreme Court into this court, upon the announcement of the judgment of that court. If the record had remained in that court, it would, doubtless, have been regular for the Supreme Court to have remitted the record to the Court of General Sessions, with directions to that court to fix a day for the execution of the sentence affirmed, and to issue the proper warrant therefor. But the record in this case having been removed to this court, it was not in the power of the Supreme Court to remit it to the General Sessions, and the statute did not make it obligatory upon that court to remit the same to the General Sessions, upon its return there, with the judgment and directions of this court. The general provisions of the Revised Statutes could, therefore, properly be invoked, which are made applicable to every case of a convict sentenced to the punishment of death, whenever, for *any reason*, such sentence shall not have been executed, and the same shall stand in full force. The affirmance of the judgment and sentence pronounced in this case by this court was final, and it, therefore, stood in full force; but the day fixed for the execution having passed, further action becomes necessary, and that was taken, in this case, in strict conformity with the letter of the statute.

The action of the Supreme Court was, therefore, in accordance with the directions of the statute; except in the unimportant particulars already adverted to; and the motion for a writ of error is denied.

Motion denied.