Jones J.
One who, by an erection made by himself in a public highway, renders an excavation made on adjoining property by the owner thereof or his authority, more dangerous to those lawfully using the highway than it otherwise would be, is bound to use proper and reasonable precautions to protect those so using the highway from sustaining injury by falling (without negligence on their part), into the excavation, thus rendered more dangerous.
A violation of this duty by the negligent omission of such precautions, subjects the violator to liability for damages at the suit of one who thereby, without contrib- ( utory negligence, sustains injuries.
The uncontroverted facts in this case show that the defendant, by the erection of the pile of bricks in the street, rendered the excavation more dangerous to those using the street at night than it otherwise would have been.
' The questions, as to whether defendant negligently omitted to put proper and reasonable safeguards about this excavation, as to whether plaintiff was guilty of negligence contributing to the injury, and as to the damages sustained by her, were submitted to the jury, who found in favor of the plaintiff upon sufficient evidence.
I am aware that the defendant’s liability was not placed upon the above ground, either in the complaint or in the charge of the judge, and am also aware of the principle that a recovery should be secundum allegata, as well as probata (Rome Exchange Bank v. Eames, 1 Keyes, 588 ; Wright v. Delafield, 35 N. Y., 266 ; Code, §§ 171, 173).
But the objection, that the cause of action proved, is not the cause of action alleged in the complaint, and that the cause of action alleged in the complaint is unproved in its entire scope and meaning, must be distinctly taken at the trial, in order to be available on appeal.
The objection was not so taken in this case.
The defendant moved to dismiss the complaint with *264 out specifying any grounds, and on a denial of the motion an exception was taken. Such a motion is held by the court of appeals to be insufficient to enable the defendant to raise, on appeal, the objection in question (Belknap v. Sealey, 14 N. Y., 144 ; Rosebrooks v. Dinsmore, 5 Abb. Pr. N. S., 59 ; reversing 4 Robt.,672.
The only other exception was to a refusal to charge “ that the defendant was not in the occupancy or possession of the excavation, and was therefore entitled to a verdict.”
As his liability does not depend on his occupancy or possession of the excavation, it would have been error thus to charge.
The exception does not point to the objection, that, although there may be some cause of action proved, yet it is not the one alleged in the complaint, and that the cause of action alleged in the complaint was wholly unproved in its entire scope and meaning, as the ground of the request to charge that defendant was entitled to a verdict. If the objection has been thus presented, non constat, but that the judge might have allowed a juror to be withdrawn, and permitted plaintiff to move at special term to amend her complaint!
The only point raised by this exception" is, whether the proof sustains the ground upon which the judge at the trial placed the defendant’s liability. It is unnecessary, in the view taken by the general term, of the ground of defendant’s liability, to consider that point.
Freedman, J., concurred.
Monell, J., dissented.
Judgment affirmed, with costs.