MYRON A. BUEL, PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANT IN ERROR.

*Unintentional killing while committing a felony — when murder in the first degree — 3 R. S. (6th ed.), 928, sect. 5, sub. 3 — chap. 333 of 1876 — Instruction to the jury in capital cases — Motion for a new trial — chap. 295 of 1876.*

The plaintiff in error was indicted, tried and convicted of murder in the first degree in killing one Catharine M. Richards while attempting to ravish her. The evidence tended to establish that he drew a strap or rope around the neck of the girl, overcame her resistance and ravished her, and that death ensued from strangulation, caused by the rope or strap. The court charged that the prisoner might be found guilty of murder in the first degree under sub. 3 of sect. 5, tit. 1, chap. 1 of part 4 of the Revised Statutes as amended by chap. 333 of 1876, if the jury found that while ravishing or attempting to ravish the girl he killed her, though without intending to effect her death. *Held*, that the charge was correct.

If a person unintentionally kills another, while committing a minor felony, which is not an ingredient of the killing, the two felonies being so distinct that they .cannot be included in the same indictment, they are not merged and he may be convicted of murder in the first degree under the said subdivision third.

Offences are not identical, unless so in law as well as in fact, although arising out of the same facts.

In capital cases the court, though requested so to do, is not required to read or instruct the jury in regard to all the sections of the statute relating to homicide, but only as to those within which the case, under the evidence, may fall.

The grounds upon which a motion for a new trial in a criminal case may be made, considered.

WRIT OF ERROR to the Otsego Oyer and Terminer, to review the conviction of the plaintiff in error of murder in the first degree.

*James A. Lynes*, for the plaintiff in error.

*P. Benedict*, district attorney, and *L. L. Bundy*, for The People.

FOLLETT, J. :

The indictment charges, in appropriate counts, the prisoner with murder, under the first and third subdivisions of section 5, of chapter 1, title 1, part 4 of the Revised Statutes, as amended by

chapter 333, Laws of 1876 ; these subdivisions, so far as pertinent to this case, read as follows :

" (1.) When perpetrated from a deliberate and premeditated design to effect the death of the person killed, or of any human being. (3.) When perpetrated by a person engaged in the commission of any felony."

The counts under the third subdivision charge that the prisoner killed Catharine M. Richards while ravishing her, also while attempting to ravish her. The evidence tended to establish that the prisoner drew a strap or rope around the neck of the girl, overcame her resistance, ravished her, and death ensued from strangulation, produced by the rope or strap. The court charged that the prisoner might be found guilty (1) under the first subdivision, if the jury believed the prisoner killed the girl from a deliberate and premeditated design to effect her death. (2.) Under the third subdivision, if the jury found that the prisoner, while ravishing or attempting to ravish, killed the girl, though without intending to effect her death. To the charge under the third subdivision an exception was taken by the prisoner, which is the only one presented by the error book. The prisoner was found guilty of murder in the first degree. The prisoner insists that the charge, under the third subdivision was error, upon the ground that a felonious assault resulting in death is merged in the higher offence, and that this subdivision is only applicable when the felony committed or attempted, is collateral to and entirely distinct from the offence of killing. In support of this position the counsel for the prisoner cites *People* v. *Rector* (19 Wend., 569) ; *People* v. *Butler* (3 Parker, 377) ; *Foster* v. *People* (50 N. Y., 598). In *Rector's Case* the person killed was felled to the pavement by a blow upon the head, inflicted with a door-bar. By the blow or the fall his skull was fractured, from the effects of which death ensued. There was no evidence of the commission, or of an attempt to commit, any independent collateral offence, except such as might be inferred from striking the blow, and the circumstances under which struck. The counsel for the prisoner insisted upon the trial, that if the jury came to the conclusion that the prisoner inflicted the wound in an attempt to commit an offence which, of itself, was less than a felony, *i. e.*, an assault

and battery, he could not be convicted of murder; and that the case would fall within section 6 of article 1 of title 2 of chapter 1 of part 4 of the Revised Statutes, which provides that : " Section 6. The killing of a human being, without a design to effect death by the act, procurement or culpable negligence of any other, while such other is engaged. (1.) In the perpetration of any crime or misdemeanor not amounting to felony; or (2.) In an attempt to perpetrate any such crime or misdemeanor. In cases where such killing would be murder at the common law, shall be deemed manslaughter in the first degree."

The court refused to charge as requested, " on the ground that such charge would be inapplicable to the case " (pp. 575–576), and the prisoner was found guilty of murder. The case was reviewed by the Supreme Court upon this question and others.

In discussing the question raised by this request, COWING, J. (pp. 591–592), says that this refusal was error, upon the ground that the evidence was not so overwhelming that the jury might not have found that the immediate offence was but a misdemeanor; and that if the jury had found that the prisoner intended to stop with the commission of a misdemeanor, the offence was but manslaughter, though the blow was aimed at the person.

NELSON, Ch. J. (p. 615), seems to assume that the case might have fallen within this section, but thinks the instructions previously given by the court in regard to murder and the degrees of manslaughter, were sufficient to fairly present that question to the jury.

BRONSON, J., in a dissenting opinion, says that section six (above quoted) is inapplicable to the case, and sustains the charge upon the ground that the section is only applicable to cases where the accused kills a human being while committing or attempting to commit some other offence than that of intentional violence upon the person killed. (p. 605.)

Judge BRONSON's views in this case were repudiated by Justice PARKER in *Darry* v. *The People* (10 N. Y., 161), but were approved in *The People* v. *Butler* (3 Parker, 385). In *Darry's Case* (10 N. Y., 120) the killing was charged by the indictment to have been done by the prisoner with malice aforethought, according to the common law form, and with a premeditated design to effect the death of the person killed, under the statute,

by striking and beating the deceased person with a chair, and with his hands and feet.    The jury were charged that the prisoner might be found guilty under the second subdivision of the statute, which was excepted to.    The prisoner was convicted of murder and the case was reviewed in the Court 'of Appeals upon this ·exception.    Upon the first argument the judges were equally divided in opinion (2 Parker, 606), but upon the second hearing the conviction was reversed, upon the ground that when the violence was aimed at a particuliar person, the case did not fall within the second subdivision.    Justice PARKER, in his opinion, discusses the sixth section of title 2, defining manslaughter in the first degree, and says that unintentional killing, while intending and committing an assault and battery upon the person killed, falls within this section, and that unintentional killing while intending and committing a mayhem or other felony, upon the person killed, is murder. (pp. 160–161.)  This question not being in the case, Judge SELDEN expressly refused to pass upon it (p. 149), and Judge DENIO was silent upon the subject.

But the views of Justice PARKER, who has given great attention to criminal law, are entitled to weight.   If the views expressed by Justices COWEN and NELSON in *Rector's Case* and by Justice PARKER in *Darry's Case* are sound, they are decisive of the case at bar.    Subdivision 3 of the fifth section of title 1, and the sixth section of title 2, are identical so far as this question of construction is concerned.    If killing by one who intends only a misdemeanor, which misdemeanor is an ingredient of the felony unintentionally perpetrated, falls within section sixth, by a parity of reasoning, killing by one intending and committing a felony, which felony is an ingredient of the killing, falls within subdivision 3 of section 5.

The Legislature did not intend to make unintentional killing by one engaged in the commission of a misdemeanor, though an ingredient of the killing, manslaughter in the first degree, and unintentional killing by one engaged in the commission of a felony, not an ingredient of the killing, a less rather than a higher offence. Such unintentional killing, while committing a felony, is not murder unless embraced within the third subdivision of section 5.

In *Butler's Case* the indictment was for manslaughter in the first

degree, in the common law form, charging the prisoner with killing the decedent by wilfully and feloniously beating her with his hands and feet. The jury were charged that if death ensued from injuries inflicted by the prisoner, not excusably or justifiably, he was guilty of manslaughter in the first degree, which was excepted to. The prisoner was convicted of manslaughter in the first degree. The case was reviewed in the Supreme Court upon this exception, and reversed upon the ground that to bring it within the sixth section it must be shown that the killing was done (1) under such circumstances as would constitute it murder at common law, in addition to being done while committing or attempting a misdemeanor; (2) while engaged in committing or attempting a misdemeanor not an ingredient of the killing.

In discussing the second proposition it was said : " If the prisoner killed his wife by violent means (and he must have done so if at all), no doubt he was engaged in the perpetration of an assault and battery, which is a misdemeanor. But that was a part of the act itself, which constituted the principal charge. The statute evidently contemplated some other misdemeanor than that which is an ingredient in the imputed offence, otherwise that part of it relating to an attempt to perpetrate a misdemeanor would be wholly nugatory. Where an act becomes criminal from the perpetration, or the attempt to perpetrate some other crime, it would seem that the lesser could not be a part of the greater offence. Derivative character must necessarily spring from a distinct although it may be a connected source. I agree with Judge BRONSON in thinking that, in order to bring a case within the definition of manslaughter in the first degree, it is necessary to show that the accused was committing or attempting to commit some other offence than that of intentional violence upon the person killed."

In *Foster's Case*, the person killed was struck with a car hook, and three days after died from the effects of the blow. The indictment charged the prisoner with murder in the first degree. At the time of the commission of the offence, unintentional killing, while perpetrating any felony, (except arson in the first degree) was murder in the second degree. The prisoner asked the court to instruct the jury.

(1.) That upon the indictment and evidence, he might be found guilty of murder in the second degree.

(2.) If the jury found he unintentionally killed the deceased person, while making an assault with a dangerous weapon, with intent to maim, that such killing was murder in the second degree.

An assault and battery with a dangerous weapon, with intent to maim, is a felony. (2 R. S., 665, § 36.)

The requests were refused, and exceptions were taken. The prisoner was convicted of murder in the first degree, and the case was reviewed in the Court of Appeals and a new trial denied. In discussing the second proposition, it was said : "It is claimed on the part of the People that the words 'engaged in the commission of any felony' in the statute, do not include cases in which the killing resulted from intentional violence to the person killed; and where, although the intent was to commit a felonious assault, there was no intention to kill; or in other words, where the felony intended, although not the felony of homicide, was the very act of personal violence which caused the death, that this is not a felony within the meaning of the statute." (p. 602.)

The court, in its opinion, neither approves nor disapproves of this proposition, and, being without judicial sanction, it is not binding, even though adverse to our views. But we think it is not.

Whether an unintentional killing while engaged in the commission of a misdemeanor, which misdemeanor is an ingredient of the killing, falls within section 6 of title 2 of part 4, or whether an unintentional killing while engaged in the commission of a felony, which felony is an ingredient of the killing, falls within the third subdivision of the fifth section of the first title, are questions not in this case, and upon which we do not express an opinion.

The opinions in the cases above referred to are not harmonious, but none of them involving the precise question in the case at bar, it is unnecessary to attempt to reconcile them. In none of them was there evidence that an independent and collateral felony, not an ingredient of the ones charged in the indictments, had been attempted or committed. So in the case of *The King* v. *Ladd* (1 Leach Crown Cases, 96), the killing was by ravishing, instead of by independent means, while ravishing ; and it may be argued

that in that case the ravishing was an ingredient of the offence of killing.

In the present case the evidence tended to show, and the jury found, if the conviction was placed under the third subdivision, that the prisoner was engaged in the commission of a rape. This is a felony which is not an ingredient of murder, but it is an independent offence for which the prisoner might have been indicted, and if acquitted upon that charge, the acquittal would not have been a bar to an indictment for murder. (*Commonwealth* v. *Roby*, 12 Pick., 496 ; *People* v. *Smith*, 57 Barb., 46 ; *Vandercomb's Case*, 2 Leach, 708, 716.)

Offences, though arising out of the same facts, are not identical, unless so in law as well as in fact. (*Commonwealth* v. *Roby*, *supra* ; *Commonwealth* v. *Evans*, 101 Mass., 25 ; *Burns* v. *People*, 1 Parker, 182 ; *People* v. *Saunders*, 4 id., 196 ; *The Queen* v. *Button*, 11 Q. B., 945, 947.) If the acts committed constitute two felonies — a major and a minor — the minor is not merged in the greater. (*Bank Prosecutions*, 1 Russell & Ryan, 378.) It was said by DENMAN, C. J., in *Queen* v. *Button* (*supra*) : " The same act may be a part of several offences ; the same blow may be the subject of inquiry in consecutive charges of murder and robbery ; the acquittal on the first charge is no bar to a second inquiry, where both are charges of felony."

Manslaughter is included within murder ; so is an assault within an assault and battery. Upon an indictment for murder, a conviction for manslaughter may be had ; so upon an indictment for an assault and battery a conviction for an assault may be had. But upon an indictment for murder a conviction for rape cannot be had, though the rape might arise out of the same facts. The offences are essentially different — the crime of rape not being an ingredient of the crime of murder.

Two felonies arose out of the prisoner's acts — neither being dependent on or an ingredient of the other ; and for either or both he might have been indicted. But an indictment embracing both felonies would have been bad. If a person unintentionally kills another, while committing a minor felony which is not an ingredient of the killing, the two felonies being so distinct that they cannot be included in the same indictment, they are not merged,

and the accused may be convicted of murder under the third sub-division of section five.

The rule was the same at common law. (Russell on Crimes [5th ed.], book 3, chap. 1, § 9, vol. 1, pp. 759–767 ; Wharton on Homicide [2d ed.], §§ 55, 56–57.) Mr. Justice BLACKBURN, in his evidence before the homicide amendment committee, speaks of a case where a man threw a shawl over a girl's head and dragged her towards a wood with intent to ravish, but she died from fright before he accomplished his purpose. The assailant did not intend to kill ; nevertheless, he was convicted of murder. (Wharton on Homicide [2d ed.], § 57, p. 42, note.)

After the verdict the prisoner moved for a new trial upon the exception to the charge (the validity of which we have considered), and upon the ground that the court erred in not calling the attention of the jury to all the sections of the statute relating to homicide. The motion was denied. The court was without power to grant the motion. (*Quimbo Appo* v. *The People*, 20 N. Y., 531; *The People* v. *Montgomery*, 13 Abb. [N. S.], 207.) By chapter 295, Laws of 1876, the presiding justice of any court of Oyer and Terminer may grant a new trial, on the exceptions taken on the trial, or on the ground of newly discovered evidence. This question not being presented by an exception, does not fall within either of the statutory grounds upon which a motion for a new trial may be made, nor was the motion addressed to the presiding justice. But the exception sought to be presented by this motion is not tenable. In capital cases the court, though requested, is not required to read or instruct the jury in regard to all the sections of the statute relating to homicide. Its duty is discharged by reading or instructing the jury in relation to the sections within which the case, under the evidence, may fall. (*Foster* v. *The People*, 50 N. Y., 598.)

No error having been committed on the trial, the judgment must be affirmed, and the record remitted to the court of Oyer and Terminer, with directions to fix a day for the execution of the sentence heretofore pronounced and now affirmed. (Sec. 2, chap. 462, Laws of 1859, p. 1074 ; *Ferris' Case*, 35 N. Y., 262.)

LEARNED, P. J., and BOARDMAN, J., concurred.

LEARNED, P. J.:

While I concur in the foregoing opinion of my brother FOLLETT, I wish to add a few words. The argument of the prisoner's counsel is that the third subdivision of section five, above cited, has no application where the death results directly from the personal violence used in making the assault, and where the felony is completely merged and lost in the higher crime. I think that, when carefully examined, the facts will be found not to present that point.

If the prisoner had simply committed a rape on the girl, and death had resulted directly from such rape and from that alone, those facts would have presented the question which is argued by the prisoner's counsel. But such are not the facts here. The death did not result from the rape, but from another act of violence, viz.: That of strangling the girl; which act was done while the prisoner was engaged in the commission of a felony, that is, the rape.

For instance, if one engaged in the commission of a burglary should kill another, even without design to effect death, the crime would undoubtedly come under this subdivision and would be murder in the first degree. So if the prisoner, while engaged in the commission of this rape, had strangled some person other than the girl in order to prevent that person's interference, and had thus killed such person without design to effect death, the crime would have come within this same subdivision.

And thus too, in the present case, the felony of the rape did not itself cause the death; and, therefore, the question whether it would be merged in the higher crime is not necessarily presented. The strangling of the girl was an act distinct from the rape, just as the killing by a burglar is distinct from the burglary. Although, in both cases, the act which caused the death may have been intended to facilitate the commission of the other crime.

Judgment and conviction affirmed and record remitted to the Court of Oyer and Terminer.