[No. 1723. Decided June 29, 1895.]

ANNIE KOHNE and CHARLES KOHNE, *Respondents*, v.
JANE WHITE, *Appellant*.

ACTION ON LEASE—BREACH OF COVENANT TO REPAIR—MEASURE OF
DAMAGES — EVIDENCE — APPEAL — EFFECT OF ADMISSION OF INCOM-
PETENT EVIDENCE.

A judgment will not be reversed for incompetent evidence on the
subject of damages, introduced without objection.

In an action for damages for breach of a covenant in a lease to
make all substantial and necessary repairs on the demised premises,
resulting in damage to the lessee's furniture and rendering the
premises unfit for use as a lodging house, the proper measure of
damages is such as will compensate the lessee for all injuries sus-
tained to her furniture and the difference between the rental value
of the building as it actually was and what it would have been worth
if the repairs contemplated by the lease had been made by the
lessor.

In such an action, it is erroneous to admit in evidence as elements
of damage, the sum paid for rent, the amount of the depreciation in
the value of the furniture (no proof of natural wear and tear being
introduced), and the loss of rent from the rooms based upon their
gross rental value as furnished rooms, as such elements would con-
stitute a double measure of damages.

The measure of damages for the loss of the rental value of fur-
nished rooms is the net rental value after deducting the expenses
necessarily incident to the carrying on of the business of a lodging
house.

Error in admitting incompetent evidence on the measure of dam-
ages is not cured by a proper instruction on the question.

*Appeal from Superior Court, King County.*

*Fred. H. Peterson*, for appellant :

As to what the proper measure of damages should
be in case of breach of a covenant to repair, counsel
cite Gear, Landlord and Tenant, § 109; *Cook v. Soule*,
56 N. Y. 423; *Winne v. Kelley*, 34 Iowa, 339; *Middle-
kauff v. Smith*, 1 Md. 329; *Dorwin v. Potter*, 5 Denio,

306; *City of Brooklyn v. R. R. Co.*, 47 N. Y. 482; *Cantrell v. Fowler*, 10 S. E. 934; *Fisher v. Goebel*, 40 Mo. 475; *Loker v. Damon*, 17 Pick. 288; *Thompson v. Shattuck*, 2 Metc. 615; *Cassidy v. Le Fevre*, 45 N. Y. 562; *Blanchard v. Ely*, 21 Wend. 342 (34 Am. Dec. 250); *Bingham v. Walla Walla*, 3 Wash. T. 68; *Hamilton v. McPherson*, 28 N. Y. 72 (84 Am. Dec. 330).

*Fishback & Ferry*, for respondents :

For breach of covenant to repair the lessee is entitled to such damages in compensation for the difference between the rental value of the building as it actually was, and what it would have been worth if the defendant had fully complied with the condition of the lease on her part and made the repairs contemplated thereby, and to such actual damages as was sustained to the furniture by reason of the defendant's failure to make such repairs. *Myers v. Burns*, 35 N. Y. 269; *Hexter v. Knox*, 63 N. Y. 561; *Ward v. Kelsey* 38 N. Y. 80 (97 Am. Dec. 773); *Griffin v. Colver*, 16 N. Y. 489 (69 Am. Dec. 718); *Freeman v. Clute*, 3 Barb. 424; *Doe v. Rowlands*, 9 Car. & P. 734; *Devlin v. Mayor*, 63 N. Y. 25; *Colrick v. Swinburne*, 105 N. Y. 507; 3 Suth. Dam. 167; 5 Am. & Eng. Enc. Law; 36. That special and consequential damages, such as damages to the furniture by rain coming through the roof, may be recovered against the lessor for breach of his contract to repair, when not remote, and shown with sufficient certainty, see 3 Suth. Dam. 170; *Eagle v. Swayze*, 2 Daly, 140; *Center v. Davis*, 39 Ga. 210; *Hinckley v. Beckwith*, 13 Wis. 34; *Jolly v. Single*, 16 Wis. 280; *Buck v. Rodgers*, 39 Ind. 222.

The opinion of the court was delivered by

DUNBAR, J.—Respondents brought an action against appellant to recover damages for a breach of covenant

in a written lease for the sum of $5,000. The lease provided that the party of the first part (the appellant here) should make substantial repairs; and all repairs to be made by reason of the neglect and the ordinary use of said building should be made at the expense of the said second party (respondent Annie Kohne).

The complaint alleges that the plaintiff took possession of said premises under said lease on the first day of September, 1889, and continued in possession until the first day of January, 1891; that the plaintiff kept and performed all the conditions of said lease on her part, but on the first day of January, 1890, it became and was necessary to make substantial repairs on said premises; that the roof leaked badly; that the plumbing and sewerage was defective and flooded the house with sewerage; that the defendant was notified to make said repairs, but neglected and refused so to do, and that plaintiff was deprived of the use of the premises leased by her, by reason of the failure to keep the covenants of said lease; that in various ways stated in the complaint she was damaged in the sum of $5,000.

A general demurrer was interposed to the complaint and overruled by the court. Answer was filed denying the material allegations of the complaint, except the making of the lease, which was admitted, and alleged as a counter-claim a balance of $135 as rent remaining due and payable from the plaintiff to the defendant; alleged that all repairs had been made as required by said lease; and that the lease was rendered untenable by the acts of third parties without the fault of the defendant, and also that the repairs required to be made, rose out of the negligent use of said building by the plaintiffs.

A trial was had which resulted in a verdict for the plaintiffs in the sum of $2,740. Upon a motion for a

new trial the court reduced the verdict to $2,250. This amount was accepted by the plaintiffs and the judgment rendered for that amount was appealed from by the defendant.

In passing, we will simply say that we think the complaint was sufficient and the demurrer thereto was properly overruled.

The main contention in this case is the measure of damages. Testimony was allowed over the objection of the appellant, to go to the jury, of the amount (1), for rent paid, viz., $735; (2), for all depreciation in the value of furniture; and (3), for all loss of rent from rooms upon a basis of the rental value of furnished rooms. It was the contention of respondents that the proper measure of damages would embrace all these different items, while, on the other hand, the appellant contended that the measure of damages was the difference in the rental value of the premises as fixed in said lease and as the premises actually were by reason of non-repair.

We think the true measure of damages lies between these two propositions. It cannot be said that the stipulated price in the lease absolutely indicates the rental value of the building. The respondent may have leased this building for a less sum than it was actually worth in the market, or she may have paid more than it was worth; in the latter instance the lessor would be entitled to the benefit of her bargain, and in the first instance the lessee would be as plainly entitled to the benefit of her bargain. It may be some indication of the market value of the lease, but it cannot go any farther than that. On the other hand it will not do to allow the lessee the full value of the lease and then also allow her to retain the contract price, for this would be in effect allowing her the bene-

fit of the lease for nothing, placing her in a better position than her contract placed her, and this was the practical effect of the testimony that went before the jury in this case. If the damage by reason of the loss of the rental value of the house is $1,000 and the amount agreed to be paid for the use of the house is $500, it is plain that the actual damage to the lessee is $500 and not $1,000 because the $500 would have to be expended under the contract by the lessee if she had obtained the full benefit of the lease for which she contracted. But as this testimony was introduced without any objection being interposed thereto by the appellant, we should not be warranted in reversing the cause for this error.

Testimony was, however, allowed to go to the jury in this case, over the objections of the appellant, as to the value of the amount of the furniture placed in the buildings by the lessee, which was proven to be $2,000, and as to the damage done to said furniture, by showing that at the time of the vacation of the house the furniture was worth only $200, the conclusion naturally attaching in the minds of the jury that the damage to the furniture was $1,800. The elements of natural wear and tear to the furniture were left out of this proof. But the greatest wrong that was done in this case was by the admission of testimony, in addition to the proof of loss of furniture, showing the loss of the rental value of the rooms in the house as furnished rooms, thereby again admitting a double measure of damages; for while it is competent under the authority of *Myers v. Burns*, 35 N. Y. 266, and *Hexter v. Knox*, 63 N. Y. 561 — both leading cases on the subject of damages — to recover damages for the rental value of furnished rooms to the extent that the plaintiffs were entitled to furnish them for the carrying on of

the business which could legitimately under the lease be carried on in the building, they certainly could not be entitled to recover the full damage of the loss of the value of the furniture as new furniture and at the same time make the use of the furniture one of the elements of damage in the estimate of the value of the furnished rooms.

The testimony shows that the value of these rooms, viz., twenty rooms at twelve dollars a month, was the gross value of the rooms furnished, without deducting anything for the use of the furniture, which very reasonably in the minds of the jury had been estimated in the other charge of damages, and without in any way taking into account the expense necessarily incident to running the business of a lodging house. Lodging houses do not run themselves; they require a proprietor and assistants to take care of them and many other incidents of expense naturally attach. This testimony which went to the jury should have been confined to the net value of the furnished rooms, and as no testimony was offered showing the net rental value of the furnished rooms, there was consequently no testimony offered which would support the proper item of damages, viz., damages for the loss of the rent of the furnished rooms; and the jury in all probability based their verdict on the proof offered concerning the gross rental value of the furnished rooms; and while the court reduced the verdict of the jury, there is nothing in the record to indicate that the deduction was made for the purpose of relieving appellant from the wrong which was worked by the wrongful admission of this testimony.

It is a difficult matter to lay down a specific rule for the measure of damages, but we think that the rule laid down by the court in this case is substantially un-

objectionable, for while this objectionable testimony was admitted, it was eliminated from the case so far as it could be by the instructions of the court. But having been admitted and having gone to the jury, it must be presumed that the jury were prejudiced by the admission of such testimony, notwithstanding a proper instruction by the court as to the measure of damages. A great many objections to the instructions are raised by the appellant, but we think they are unwarranted. The main instruction was as follows:

"The general rule is that a party injured by a breach of a contract is entitled to recover all such damages as might be reasonably and naturally expected to flow from the breach. And such measure of damages in this case, if you find for the plaintiff, is such sum as will fully compensate her for all damages which you find that she sustained to her furniture by reason of the defendant's failure to repair, and the difference between the rental value of the building as it actually was, and what it would have been worth if the defendant had fully complied with the conditions of this lease on her part and made the repairs as contemplated by the lease."

The further charge was made, that if the jury found that the defendant after notice, failed to make substantial repairs and plaintiff sustained actual and unavoidable damages, that they would ascertain what the same were, and the difference between what they found due for rent and the amount of damages they might find, would be their verdict. The court made the qualifications in the further charge, that the plaintiff in order to recover for any loss under the lease must show that such loss was unavoidable on her part, and that she exercised due diligence to make the loss as small as possible.

Exceptions were taken by appellant to most of these

charges and other instructions were asked and refused by the court, refusal of which is alleged as error here. But we think the law was properly given by the court, and that the instructions asked for by appellant had either been given in substance by the court, or were immaterial under the undisputed facts in this case.

It will be noticed that under the conditions of the lease the appellant especially contracted to make substantial repairs, and there can be no question under the testimony but that substantial repairs were necessary, and that the appellant was notified time and time again of the necessity of these repairs, and demands were made upon her to make them. The testimony is convincing to our minds that great damage was suffered by the respondents in this case through the breach of the covenant on the part of the appellant, and inasmuch as the case has three times been tried by a jury, we are exceedingly loth to reverse it. But the testimony admitted in the particulars which we have mentioned above, it seems to us, is so plainly prejudicial to the rights of the appellant, that we are compelled for that reason to order a reversal of the cause.

The judgment will therefore be reversed and a new trial granted.

HOYT, C. J., and ANDERS, SCOTT and GORDON, JJ., concur.