HANNAH RAMSDELL, administratrix, *vs.* EBEN D. JORDAN & others.

Suffolk.    March 23, 24, 1897. — May 22, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Negligence — Due Care.*

If a person puts his head into an elevator well for the purpose of shouting up the shaft for the car to come down, and it does come down and strikes him, an action for the injuries occasioned thereby cannot be maintained.

TORT, for personal injuries occasioned to an employee of an expressman by being crushed by a freight elevator on the defendants' premises while he was delivering merchandise in the course of his employer's business. The plaintiff having died after the action was begun, his administratrix was allowed, on motion, to prosecute it.

At the trial in the Superior Court, before *Blodgett,* J., there was evidence tending to show that there was an opening into the elevator well from the sidewalk, which opening was guarded by a gate three or four feet high, extending across it; that the elevator was not equipped with any appliances for giving warning of its approach to the landing; that the press-button for calling the elevator had been out of order for a month at least; and that the intestate had been to the elevator to deliver goods not more than once a week for a period of two months before the accident.

The only witness who saw the accident testified that neither of two men in the employ of the defendants, whose duty it was to receive the goods, was on the sidewalk; that the intestate came up to the gate, leaned his head over it, so that it came about a foot into the well, with his neck and face turned up towards the top of the elevator well and called out, "Elevator"; that he made a motion as if to withdraw, but the elevator struck him on the head before he had time so to do; and that the position in which he stood as he called the elevator was similar to that which he had seen the two men in the defendants' employ

assume frequently when they called the elevator, and similar to that assumed by all the other teamsters who called the elevator, and the same as he himself had assumed many times.

At the close of the evidence for the plaintiff, the judge, at the defendants' request, directed a verdict for the defendants ; and the plaintiff alleged exceptions.

*S. L. Whipple*, for the plaintiff.

*J. Lowell, Jr.*, for the defendants.

BARKER, J.   It is so plainly dangerous for a person to put his head into an elevator well for the purpose of shouting up the shaft for the car to come down, that the verdict for the defendants was rightly ordered. *Murphy* v. *Webster*, 151 Mass. 121. *Rood* v. *Lawrence Manuf. Co.* 155 Mass. 590.   *Degnan* v. *Jordan*, 164 Mass. 84.     See also *Taylor* v. *Carew Manuf. Co.* 143 Mass. 470 ; *Ballou* v. *Collamore*, 160 Mass. 246.

The exception to the exclusion of evidence was not argued, and we treat it as waived.                    *Exceptions overruled.*