[No. 10359. Department One. September 6, 1912.]

MARIE PURCELL, *Respondent*, v. STANTON WARBURTON et al., *Appellants*.[1]

LANDLORD AND TENANT—BREACH OF COVENANT—MEASURE OF DAMAGES. Under a lease of rooms to be sublet for furnished lodgings, the measure of damages for breach of the lessor's covenant to furnish heat is the difference between the value of the use of the rooms as furnished by the lessee and heated as contemplated by the contract, and the value of the use as in fact heated by the lessor.

APPEAL—REVIEW—HARMLESS ERROR. Failure to strictly adhere to the correct rule of damages in propounding questions to a witness is harmless where the same testimony would have been elicited had the questions been asked in the correct form.

LANDLORD AND TENANT—BREACH OF COVENANT — EVIDENCE — INSTRUCTIONS. In an action for breach of a covenant in a lease to furnish heat for rooms to be sublet for lodgings, evidence to show that lodgers suffered discomfort and illness by reason of failure to properly heat the rooms is relevant, where proper instruction on the measure of damages eliminated all elements of damages suffered by the lodgers.

[1]Reported in 126 Pac. 89.

SAME—INSTRUCTIONS. In such case, refusal to instruct that there could be no recovery if the rooms were kept as full as when properly heated, is harmless.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. Error in giving a written instruction after the close of the argument, when the law requires that it be given before argument, is harmless, where it covered inconsequential matter, was correct in the abstract, and without prejudice.

TRIAL—SPECIAL INTERROGATORIES—DISCRETION. Error cannot be assigned on the refusal to submit special interrogatories to the jury, the matter being entirely discretionary.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered November 17, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action for breach of covenant. Affirmed.

*Boyle, Warburton & Brockway*, for appellants.

*L. C. Whitney* and *John Leo*, for respondent.

CHADWICK, J.—On the 1st day of February, 1910, the defendants leased to the plaintiff the fourth floor of the Warburton building, in the city of Tacoma, for the term of two years from that day, at a monthly rental of $125 per month, for lodging rooms and apartment purposes. The lease contained a covenant on the part of the defendants to heat the demised premises with steam heat for and during the whole term of the lease. The plaintiff entered into possession under the lease, and furnished the rooms, to be rented or sublet for lodgings or apartments as contemplated by the parties. The present action was thereafter instituted to recover damages for a breach of the covenant to furnish steam heat. The jury returned a verdict in favor of the plaintiff in the sum of $1,350, and from the judgment on the verdict, the defendants have appealed.

While many errors are assigned in the admission of testimony and the giving of instructions and refusing to give instructions requested, the whole controversy in this court is over the rule or measure of damages in this class of actions

and adherence to such rule or measure by the court in its rulings throughout the trial. On the question of damages, the court instructed the jury as follows:

"If you find that the defendants failed to properly heat said leased premises, as I have hereinbefore told you it was their duty to do, such failure constituted a breach of their contract or covenant to heat, embodied in the lease, and the general rule is that a party injured by a breach of a contract is entitled to recover all such damages as might be reasonably and naturally expected to, and do in fact, flow from the breach. I instruct you that the measure of damages in this case, if you find for the plaintiff, is such an amount as will compensate her for all damages which you find from the evidence she sustained by reason of the defendants' failure to heat, or sufficiently heat, the leased premises; that amount will consist in the difference, if any, between the rental value of the premises, furnished as they were, properly and sufficiently heated, and the rental value thereof, heated in the manner you find they were heated during the period of time from February 1st, 1910, to September 13th, 1911."

The foregoing instruction was approved in *Kohne v. White*, 12 Wash. 199, 40 Pac. 794, and is, in our opinion, entirely free from objection. The two leading cases on the question under discussion are *Myers v. Burns*, 35 N. Y. 269, and *Hexter v. Knox*, 63 N. Y. 561. In the latter case, the court said:

"We are of opinion that, within the same principle, the jury were properly instructed that the plaintiff was entitled to recover the value of the use of furnished rooms to the extent that the plaintiff was prepared to furnish them with the furniture stored, and intended to be used in the rooms in the new building. The plaintiff, by the delay, lost as to such rooms their use as furnished rooms. The defendant knew that the plaintiff's furniture had been taken from No. 97 Spring street to enable him to remove the building on that lot, preparatory to erecting the new one, and that the new part was to be occupied by the plaintiff for the same purposes as he had occupied the building from which the furniture was taken. The loss of the use of the furniture from delay in completing the rooms in the new building was the

natural result of the failure of the defendant to perform his covenant; and that this loss would occur if the defendant failed to complete the building in time, may justly be presumed from the evidence to have been contemplated by the defendant, when the lease was made, as one of the injuries which the plaintiff would sustain from his default, and was properly allowed as part of the damages sustained."

The correct measure of damages is, therefore, the difference between the value of the use of the rooms as furnished by the plaintiff and heated as contemplated by the contract, and the value of their use as in fact heated by the defendants. And while counsel for respondent did not adhere strictly to this rule in propounding his questions, we feel entirely safe in saying that his departure from it resulted in no substantial prejudice to the appellants. Witnesses were asked to fix "the fair market value of the rooms;" "the net value of the rooms less running expenses," etc. But in the end the result was the same—a distinction without a difference. Had the question been asked in the language of the rule we have adopted, the same testimony would have been elicited, followed by the same result.

Some testimony crept into the record incidentally tending to show that some of the inmates of the house suffered personal discomfort or became ill by reason of the failure of the appellants to properly heat the rooms, and the failure of the court to instruct the jury that they should not take such discomfort or illness into consideration in determining the amount of their verdict is assigned as error. This testimony was relevant and proper, as it tended to show the state or condition of the rooms, and the explicit rule of damages laid down by the court of necessity eliminated all such elements of damage from the consideration of the jury. The same may be said of the failure of the court to instruct the jury that there could be no recovery if the rooms were kept as full as they would have been if properly heated and at the same rates.

Exception is also taken to a written instruction given by the court after the close of the arguments. This instruction

was given in plain contravention of the policy of the law, which requires instructions to be given in writing at the conclusion of the testimony and before the arguments of counsel, and the practice is not to be commended unless counsel are given further opportunity to argue the case in the light of the additional charge. But the supplemental charge in this case only related to four days of the entire term. Its correctness in the abstract is not questioned, and the error, if any, is without prejudice.

The court refused to submit certain interrogatories to the jury. We have so often decided that the submission of special interrogatories rests entirely in the discretion of the trial court, that the question is no longer an open one here.

The foregoing disposes of the principal assignments of error. The verdict is supported by sufficient competent testimony, and no substantial error appearing, the judgment is affirmed.

GOSE, CROW, and PARKER, JJ., concur.