[No. 10493.    Department One.    November 21, 1912.]

# L. A. WHEELER et al., Appellants, v. HOTEL STEVENS COMPANY, Respondent.[1]

CARRIERS—ELEVATORS—INJURY TO PASSENGER—CONTRIBUTORY NEG-
LIGENCE—INSTRUCTIONS. It is contributory negligence, precluding any
recovery for a fall down an elevator shaft, for the passenger to open
the elevator door, which he found substantially closed, and step into
the shaft for the purpose of taking the elevator without looking to
see if it was there.

TRIAL—INSTRUCTIONS—WEIGHT AND SUFFICIENCY OF EVIDENCE. In-
structions basing the right of recovery entirely on belief in the plain-
tiff's version of a disputed fact are proper where there was direct
conflict on an essential matter and no middle ground on which a ver-
dict could be predicated.

TRIAL—WRITTEN INSTRUCTIONS—NECESSITY. When the parties
stipulated that instructions might be partly oral and partly in writ-
ing, they may be so given.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. It is not pre-
judicial error that instructions were given to the jury after the argu-
ment, in disregard of the statute.

TRIAL — CAUTIONARY INSTRUCTIONS — SYMPATHY AND PREJUDICE.
Where there is a seeming necessity, the jury may be cautioned not
to allow sympathy or prejudice to influence the verdict.

TRIAL—INSTRUCTIONS—MISLEADING INSTRUCTIONS. Instructions di-
recting the jury to find the facts according to their conscientious be-
lief are not misleading as addressed to their consciences rather than
their minds.

Appeal from a judgment of the superior court for King
county, Gay, J., entered March 9, 1912, upon the verdict of
a jury rendered in favor of the defendant, in an action for
personal injuries.    Affirmed.

*John E. Humphries, L. N. Jones,* and *William A. Johnson,*
for appellants.

*James Kiefer,* for respondent.

Gose, J.—The plaintiff wife stepped into an elevator shaft
in the defendant's hotel and sustained a serious injury, for

[1]Reported in 127 Pac. 840.

which damages are sought in this action.   The plaintiffs have appealed from an adverse verdict and judgment.

The facts are few and simple.   The appellant wife and a friend testified, that they approached the elevator for the purpose of going to the room of the latter in the respondent's hotel; that the door of the elevator shaft was open; that the elevator was not there, and that the appellant, thinking that she was stepping into the elevator, stepped into the shaft without touching the door, and fell and was injured.   The accident happened on the 3d day of August about midday, and she admits that the day was bright.   There is no question of inadequate lights.   The respondent's witnesses, including the elevator boy, testified that the door was not open to exceed one inch, and that the appellant could not have entered without opening it.   They further testified that both the appellant and her friend stated immediately after the injury that the appellant opened the door.

The appellant assigns error in the refusal of the court to give a number of requested instructions.   An examination of the record discloses that some of these instructions were given verbatim and that the others were given in substance. Error is assigned to the following instruction:

"If the jury finds from a fair preponderance of the evidence in the case that the plaintiff, Emma Wheeler, when she approached the passenger elevator maintained by the defendant in its hotel found the door of the elevator partly open and further opened the door for the purpose of stepping into said elevator, the plaintiff cannot recover, and the verdict should be for the defendant."

The instruction is not fortunate, but under the facts of the case, it was not erroneous.   The door was either open so that the appellant entered without touching it, as she and her witnesses testified, or it was not open to exceed one inch, and she had to open it in order to enter.   This view is supported by the following cases:   *Bremer v. Pleiss,* 121 Wis. 61, 98 N. W. 945; *Mau v. Morse,* 3 Colo. App. 359, 33 Pac.

283; *Massey v. Seller*, 45 Ore. 267, 77 Pac. 397; *Ramsdell v. Jordan*, 168 Mass. 505, 47 N. E. 244.

In the *Bremer* case, upon similar facts, the court said:

"The facts as shown by his own evidence were that he was very familiar with the elevator, and knew that it was in a very dark place and was not lighted in the daytime; that he approached it, having in mind the question whether the car was there or not; that before stepping in he looked at the open hole, and saw no car, because it was dark; that the door was only partly open—about half-open—and that he pushed it open with his shoulders and stepped in; that only a few moments before he had stepped into the car through the door, which was then fully open. Upon these facts, is there a question for the jury? There is no doubt that, when a door to an elevator shaft is thrown open by the attendant, that very act constitutes an invitation to enter. *Tousey v. Roberts*, 114 N. Y. 312, 21 N. E. 399, 11 Am. St. 655; *Oberndorfer v. Pabst, supra.* So it has been held that, where the door is fully open and the shaft is dark, the question whether a passenger is guilty of contributory negligence in stepping in without examination is one for the jury. *People's Bank v. Morgolofski*, 75 Md. 432, 23 Atl. 1027, 32 Am. St. 403; *Southern B. & L. Asso. v. Lawson*, 97 Tenn. 367, 37 S. W. 86, 56 Am. St. 804; *Dawson v. Sloan*, 49 N. Y. Sup. Ct. 304, affirmed in 100 N. Y. 620. We have found no case, however, holding that where the door to the shaft is only halfway open, so that the passenger entering is obliged to, and does, open it the rest of the way in order to enter, the question of contributory negligence is a matter of doubt; nor do we see how it could be so held. It seems to us entirely clear that the fact that the door is only part way open is a definite and unequivocal advertisement that something is wrong—certainly not an assurance that the car is there."

If the appellant opened a substantially closed door for the purpose of entering the elevator, and stepped into the elevator shaft, she was so clearly guilty of contributory negligence that it would seem that the minds of reasonable men could hardly differ upon that question. The appellant relies upon the following cases: *Tousey v. Roberts*, 114 N. Y. 312, 21 N. E. 399, 11 Am. St. 655; *People's Bank of Baltimore*

*v. Morgolofski,* 75 Md. 432, 23 Atl. 1027, 32 Am. St. 403;
*Rhodius v. Johnson,* 24 Ind. App. 250, 56 N. E. 942;
*McRickard v. Flint,* 114 N. Y. 222, 21 N. E. 153. In
*Tousey v. Roberts,* a door to the elevator shaft was thrown
open by one whom the plaintiff believed had authority to
open it, and the question of the adequacy of the lights was
in dispute. In *People's Bank of Baltimore v. Morgolofski,*
the door to the shaft was open, and there was evidence that
the light was inadequate. In *Rhodius v. Johnson,* and
*McRickard v. Flint,* the door to the shaft was partly open,
and there was evidence tending to show that there was noth-
ing to indicate the presence of a shaft or an elevator. In
each of these cases the plaintiff thought he was stepping into
a room.

The court also instructed:

"And it is one of these peculiar cases where if you believe
the evidence of the plaintiff in the case and do not believe
the evidence of the defendant, the plaintiff would have to re-
cover; and if you believe the evidence of the defendant and
do not believe the evidence of the plaintiff, why then the de-
fendant company would have to recover."

The suggestion that this was error as to the appellant is
not meritorious. The instruction must be read in the light
of the evidence. If the appellant's testimony is true, the
door was open and she "walked right in" and "never touched
the door at all." On the contrary, if respondent's evidence
is true, it was practically closed and she opened it and then
walked in. There was no middle ground in the testimony,
and no fact or circumstance from which the jury might have
inferred that the door was half or two-thirds open. It was
either open or it was closed. The authorities cited by the
appellant deal with a state of facts where each side might
have been found to have been partly in the right and partly
in the wrong. In such cases, indeed in most cases, the in-
struction would not be proper.

Exception is taken to the following instruction, given orally after the close of the arguments:

"Discuss this case just as you would if it was one woman suing another or one hotel suing another. Do not take into consideration anything of sympathy nor anything because one is severely injured and the other might or might not be able to pay. Discuss the facts, in other words, impartially and determine it as you would want an issue of like importance to yourselves determined by a jury fairly and upon the evidence as you conscientiously believe."

The parties had theretofore stipulated that the instructions might be "partly oral and partly in writing." *Raynor v. Tacoma R. & Power Co.,* 70 Wash. 133, 126 Pac. 91, is therefore distinguishable. Nor does the fact that the instruction was given after the argument and in utter disregard of the statute, make it prejudicial error. *Purcell v. Warburton,* 70 Wash. 129, 126 Pac. 89. The trial judge may, and where there is a seeming necessity should, caution the jury not to allow sympathy or prejudice to influence their verdict. Blashfield, Instructions to Juries, §§ 344, 345. It is argued that evidence is addressed to the minds of jurors and not to their consciences, and that the instruction was misleading. The purpose of the oath administered to a juror is to bind his conscience to return an honest verdict according to his judgment. The jury had been previously instructed on the law as to the burden of proof. As suggested by the respondent's counsel, the instruction in effect means that the jury should find the facts as they conscientiously believe them to have been established by the evidence.

The judgment is affirmed.

Mount, C. J. Crow, Chadwick, and Parker, JJ., concur.