[No. 11070. Department Two. September 16, 1913.]

MARYLAND CASUALTY COMPANY, *Respondent*, v. SEATTLE
ELECTRIC COMPANY, *Appellant*.[1]

NEW TRIAL—MOTION—AFFIDAVITS—NECESSITY—STATUTES—"MAY"
AND "MUST." Where the facts upon which a motion for a new trial
on any ground other than irregularity in the proceedings, do not
appear in the record as a part of the trial itself, they "must" be
shown by affidavit, under Rem. & Bal. Code, § 401, providing that
motions for a new trial on such grounds "may" be shown by affi-
davit, there being no statute providing for any other method of show-
ing such facts.

NEW TRIAL—MISCONDUCT OF JURY—AFFIDAVITS OF JURORS. Upon
a motion for a new trial, the affidavit of a juror stating the simple
fact as to her misconduct without attempt to show its effect on the
verdict is not inadmissible as impeaching the verdict; since the
matters did not inhere in the verdict.

NEW TRIAL—MISCONDUCT OF JURY—EVIDENCE—SUFFICIENCY. The
misconduct of a juror in viewing the premises cannot be shown by
a reporter's stenographic report containing a hearsay statement of
what the foreman of the jury told the bailiff, but the same must
be shown by affidavit under Rem. & Bal. Code, § 401.

APPEAL—REVIEW—MATTERS PRESENTED. Upon appeal from an
order granting a new trial on an unsupported motion, which was in-
sufficient to invoke the discretion of the trial court to grant a new
trial, the supreme court will not consider the merits of the motion.

TRIAL—ORAL INSTRUCTIONS—ADMONITION. Rem. & Bal. Code,
§§ 339, 395, providing that instructions shall be given in writing
does not prevent the giving of an oral cautionary admonition or
warning as to the deliberations of the jury which did not state any
rule of law as applied to the case.

Appeal from an order of the superior court for King
county, Everett Smith, J., entered November 4, 1912, grant-
ing a new trial, after the verdict of a jury rendered in favor
of the defendant, in an action in tort. Reversed.

*James B. Howe* and *A. J. Falknor*, for appellant.
*John W. Roberts*, for respondent.

[1]Reported in 134 Pac. 1097.

ELLIS, J.—The plaintiff, as assignee of one Harvey, brought this action to recover damages for injuries to an automobile, resulting from its collision with one of the defendant's street cars. The cause was tried and the jury was instructed and retired for deliberation on the morning of Friday, October 11, 1912. The trial resulted in a verdict for the defendant. A new trial was granted upon the sole ground of reported misconduct of one of the jurors in visiting the scene of the accident during the trial, without request either of the court or of the parties. The order granting the new trial, omitting the formal parts, was as follows:

"The motion for a new trial of the plaintiff coming on regularly to be heard in the above entitled court on the 9th day of November, 1912, and the court having duly considered the same, on account of the reported misconduct of one of the jurors visiting the scene of the accident during the trial without request of court or the parties to the suit as indicated and set forth in the stenographic notes a transcript of which is hereto attached said motion be, and the same is hereby granted—the motion being denied on all other grounds. The plaintiff excepts to the denial of said motion on all other grounds and the defendant excepts to the granting of said motion on the ground stated herein. Said exceptions are hereby allowed."

The stenographic notes to which reference is made in the order, as reproduced in the statement of facts, are as follows:

"At 11:15 A. M., Friday, October 11, 1912, the jury in the above entitled cause came into open court, and the court said:

"The Court: I wish to say to the members of the jury in the case of Maryland Casualty Co. against the Seattle Electric Company that in that case, as in all cases, your decision has to be made upon the evidence,—upon the evidence as brought before the jury in the court room. If the attorneys had desired the jury to view the premises they would have asked permission of the court, or agreed between themselves to take the jury to the place where the accident or scene took place. As long as they did not ask that, the jury are

excluded, even if they may have seen the place, so far as possible to do so, from having a picture of that place in their minds. They, on their oath, have agreed that they will form their judgment upon the evidence and testimony as produced and submitted to them in the court room, and if there has been any evidence obtained by any juror from the premise itself, that shall be forgotten, and not brought into the decision of the case.' Whereupon the jury returned to the jury room. At 5 P. M., the court said regarding the above case, the following:

"The Court: During the morning, the jury called for the bailiff, and the bailiff went in and spoke to the foreman of the jury, and came out and reported to me that the foreman of the jury had stated that during the trial one of the members one of the jurors went down on James street and made notes on the situation and had come back to the jury room with that information, and was insisting upon how the accident happened based on her inspection of the street grade, and some of the jurymen were objecting to her argument for that reason, and the foreman of the jury wanted instructions to know whether or not the juror had any right to visit the scene and argue it from that standpoint, and I called the jury in and spoke to the jury as follows: The court's remarks to the jury were here repeated. When it came in, it was a question whether I should have sent them back and closed the door. But it seemed to me that the court should take cognizance of the request, and the court did not intend by this statement, to further instruct them orally, but to give them the warning which the court felt it was necessary to do.

"Mr. Falknor: I think the action of the court was eminently proper.

"Mr. Roberts: It seems that this instruction was delivered by your honor orally.

"The Court: Yes.

"Mr. Roberts: And in the absence of counsel.

"The Court: I do not know what the significance of the action of the court on the jury was."

The plaintiff's motion for a new trial was not supported by affidavits of any kind. It was, however, accompanied by a copy of the stenographic notes above quoted. From the

order granting a new trial, the defendant prosecutes this appeal.

The appellant attacked the order upon the following grounds: (1) that the motion, unsupported by affidavit, was insufficient basis for the order; (2) that the verdict cannot be impeached by statements of jurors; (3) that the claim of misconduct was based upon hearsay; (4) that the misconduct, if any, was without prejudice; (5) that the instruction given by the trial court cured any prejudice which otherwise might have resulted from the alleged misconduct.

I.   The appellant contends that the use of affidavits in such a case as this is mandatory; the respondents, that it is merely permissive.   The statute authorizing the use of affidavits in support of the motion for a new trial (Rem. & Bal. Code, § 401 (P. C. 81 § 733), reads:

"The motion for a new trial shall state the grounds or causes for which a new trial is asked, and if made for any of the causes mentioned in the first, second, third or fourth subdivision of section 399, the facts upon which it is based may be shown by affidavit."

The language employed, standing alone, seems to import a mere permissive use of affidavits; but when we examine the four indicated subdivisions of § 399 to which it is applied, the word "may" must be construed in a mandatory rather than a permissive sense whenever affidavits may be used at all.   The four subdivisions of Rem. & Bal. Code, § 399 (P. C. 81 § 729), are as follows:

"(1)   Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial;

"(2)   Misconduct of prevailing party or jury; and whenever any one or more of the jurors shall have been induced to assent to any general or special verdict to a finding on any question or questions submitted to the jury by the court, other and different from his own conclusions, and arrived at by a resort to the determination of chance or lot; such mis-

conduct may be proved by the affidavits of one or more of the jurors;

"(3)   Accident or surprise which ordinary prudence could not have guarded against;

"(4)   Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial."

It will be noted that some of the situations contemplated by the first three of the grounds for a new trial might arise upon matters occurring in open court during the progress of the trial, and the facts would then appear as a part of the record. In such a case, it is obvious that affidavits presenting such facts would be unnecessary and improper. Other situations contemplated by any one of these four subdivisions might arise out of matter not occurring in open court during the progress of the trial, and hence not appearing in the record. In such a case, evidence *aliunde* the record would be not only proper but necessary to any disclosure of the facts relied upon for a new trial. The statute, recognizing this necessity, permits that evidence to be supplied by affidavits, the permissive form of expression being used because evidence *aliunde* the record itself would not always be necessary. Where such evidence outside of the record is necessary at all, this statute authorizes no other means of presenting it than by affidavits. It follows that, in such cases, the motion for a new trial not only may be supported by affidavit but must be so supported. A thoughtful reading of § 401, in connection with the grounds for a new trial to which it refers, is convincing that, where the facts upon which the motion rests do not appear in the record as a part of the trial itself, the discretionary powers of the trial court can only be invoked by presenting such facts by affidavit. Though this court has never before stated the reasons for construing the statutory use of affidavits as mandatory rather than permissive, it has in at least two decisions assumed the presentation of the facts by affidavit essential. *Lybarger v. State*, 2 Wash.

552, 27 Pac. 449, 1029; *State v. Parker*, 25 Wash. 405, 65 Pac. 776.

II.   By the second objection, that the verdict cannot be impeached by the statements of jurors, we take it from the argument the appellant means, by the affidavit or sworn statement of jurors.   This presents a more doubtful question.   It is a rule of law too well established to require sustaining citation that affidavits of jurors as to matters which inhere in the verdict cannot be received to impeach the verdict except as showing that the verdict was reached by chance or lot, and that exception is statutory.   (Rem. & Bal. Code, § 399, subd. 2; P. C. 81 § 729).   The divergence of judicial opinion as to what affidavits of jurors, if any, are admissible, is not found in any doubt as to the existence of the rule, but arises from different views as to what things inhere in the verdict; that is, what statements of jurors tend to impeach the verdict. Many courts make no distinction between affidavits of jurors as to the *fact* of misconduct and affidavits as to the *effect* of that misconduct upon their deliberation, holding that both are things which inhere in the verdict and that jurors' affidavits or statements as to either the fact or its effect are inadmissible because tending to impeach the verdict. *Herring v. Wabash R. Co.*, 80 Mo. App. 562; *Phillips v. Rhode Island Co.*, 32 R. I. 16, 78 Atl. 342; *Siemsen v. Oakland, S. L. & H. Elec. R.*, 134 Cal. 494, 66 Pac. 672.   Many authorities to the same effect might be cited, but these are sufficient as examples.   In this state we have applied the rule less drastically.   We have, in certain cases, used language implying that affidavits of jurors should be considered in so far as they stated the facts showing misconduct, but not as showing the effect of such misconduct on the verdict, the latter being for the court to determine from the facts.

"Under our code of criminal procedure (Bal. Code, § 6965), it is provided that misconduct of the jury is a ground for a new trial; and § 6966 provides that, when the application for a new trial is made upon that ground, the facts upon

which it is based shall be stated in affidavits, as was done in this case. In considering the affidavits filed, we entirely discard those portions which may tend to impeach the verdict of the jurors, and consider only those facts stated in relation to misconduct of the juror, and which in no way inhere in the verdict itself. It is not for the juror to say what effect the remarks may have had upon his verdict, but he may state facts, and from them the court will determine what was the probable effect upon the verdict. It is for the court to say whether the remarks made by the juror in this case probably had a prejudicial effect upon the minds of the other jurors." *State v. Parker*, 25 Wash. 405, 65 Pac. 776.

See, also, *Ralton v. Sherwood Logging Co.*, 54 Wash. 254, 103 Pac. 28.

This application of the rule seems to us to meet every purpose of public policy. It prevents the jury from divulging what considerations entered into its deliberations or controlled its action, thus impeaching its own verdict; but it does not close what is often the only avenue to a showing of actual facts constituting misconduct. We conclude that the affidavit of the juror as to the simple fact of her misconduct in visiting the scene of the accident would have been admissible to invoke the discretion of the trial court to entertain the motion and either grant or deny a new trial.

III.   Addressing ourselves to the third ground of the appellant's attack on the order, we find it included in the broader inquiry suggested by what we have said as to the necessity of supporting affidavits. It is this: Do the stenographic notes above quoted present such a record of established facts as to dispense with the necessity of affidavits in support of the motion for a new trial? We think not. These notes contain nothing more than a statement that the foreman of the jury told the bailiff, who told the court, of certain (to use the terms of the order) "reported conduct" of one of the jurors. This is nothing more than a hearsay statement of a hearsay statement of reported misconduct. The fact that it is in the record as taken by the stenographer lends it no

greater force or dignity than the record of a hearsay statement preserved in any other manner. It cannot be accorded greater force than if the same things had been embodied in an affidavit of the bailiff and certified as a part of the statement of facts. Such an affidavit would be, as it seems to us, clearly insufficient to invoke the discretion of the trial court to grant a new trial. Whatever the breadth of the application of the rule as to the inadmissibility of the affidavits of jurors to establish their misconduct, it is almost universally held that affidavits of third persons as to unsworn statements of jurors tending to show either the fact of misconduct or its effect upon the verdict cannot be received for any purpose because they are of a purely hearsay character.

"Numerous affidavits setting forth these transactions were presented to the court. An examination of them shows that all the statements therein contained are pure hearsay, consisting of conversations had by the affiants with some of the jurors, or declarations made by jurors in their presence. There is no pretense that the prevailing party in the action knew of or had anything whatever to do with the alleged misconduct of the jurors, or that the jurors, or either of them, were approached or improperly influenced by any person. There are no facts in regard to this assignment that would authorize this court to interfere with the order of the court below denying a new trial. Statements made by jurors not under oath, after the trial is over, are not competent evidence." *Walton v. Wild Goose Mining & Trading Co.*, 123 Fed. 209, 221.

See, also, *Green v. Terminal R. Ass'n of St. Louis*, 211 Mo. 18, 109 S. W. 715; *Stevenson v. Detroit & M. R. Co.*, 118 Mich. 651, 77 N. W. 247; *Shepherd v. Inhabitants of Camden*, 82 Me. 535, 20 Atl. 91; *Gans v. Metropolitan St. R. Co.*, 84 N. Y. Supp. 915; *Kimic v. San Jose-Los Gatos Interurban R. Co.*, 156 Cal. 379, 104 Pac. 986; *Gregory v. Bijou Theater Co.*, 138 App. Div. 590, 122 N. Y. Supp. 1085; *Heldmaier v. Rehor*, 188 Ill. 458, 59 N. E. 9; *Cain Bros. Co. v. Wallace*, 46 Kan. 138, 26 Pac. 445; *Peterson v. Skjelver*, 43 Neb. 663, 62 N. W. 43.

"The next error is founded upon the action of the court in denying defendant's motion for a new trial. This motion was founded principally upon allegations in an affidavit made by the defendant as to the misconduct of the jury. But such affidavit did not furnish any such evidence of misconduct as to authorize the court to act upon it. The affiant did not claim any knowledge upon the subject, but only that he had been informed and believed as to the facts charged. The presumptions surrounding the verdict of a jury are necessary, and can only be overcome by the competent testimony of some one having knowledge upon the subject." *State v. Murphy,* 13 Wash. 229, 43 Pac. 44.

Plainly, the statement of facts presents no competent evidence of misconduct of the jurors or any of them invoking the discretion of the trial court to grant a new trial. It was, therefore, error to entertain the motion as sufficient basis for the order.

IV. V. We find it neither necessary nor proper to determine the other two questions presented by the appellant. It is plain from what we have said that they are not before us. We cannot review the merits of an unsupported motion. Whether the alleged misconduct of the juror was prejudicial, and whether, if prejudicial, its effect was overcome by the admonition of the court, could only be considered by us in reviewing an exercise of the trial court's discretion based upon a record of the evidence sufficient to invoke the exercise of that discretion in some form. No such record being presented, the motion was improperly entertained for any purpose. We are not called upon to go beyond the record and determine what we would have done had the hearsay matters acted upon by the court been established by competent proof.

VI. The respondent insists that the action of the trial court in warning the jury against the consideration of any evidence obtained by any juror from a view of the premises was sufficient error to sustain the order for a new trial, in that it was the giving of an oral instruction contrary to the

statute. Rem. & Bal. Code, §§ 339, 395 (P. C. 81 §§ 587, 697). It will be observed, however, that the court's remarks constituted nothing more than a cautionary admonition or warning. This admonition did not state any rule of law as applied to the facts of the case. The statute was never intended to deprive the court of the inherent power to administer to the jury at any time during its deliberation such admonition, in case of rumored misconduct, as might be deemed necessary to the securing of a fair trial. Such admonition could not have been prejudicial in any sense. The court committed no error in giving it. *Purcell v. Warburton*, 70 Wash. 129, 126 Pac. 89; *Wheeler v. Hotel Stevens Co.*, 71 Wash. 142, 127 Pac. 840; *State v. Potter*, 15 Kan. 302; *Boggs v. United States*, 10 Okl. 424, 63 Pac. 969, 65 Pac. 927.

The order granting a new trial is reversed, and the cause is remanded with directions that judgment be entered in accordance with the verdict.

CROW, C. J., and MAIN, J., concur.

FULLERTON, J., concurs in the result.