THOMAS L. ROONEY, administrator, *vs.* FREDERICK A. MERLISS & others, trustees.

Hampden.    December 9, 1926. — February 28, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence,* Contributory, In use of elevator.

If one, who had been employed for six months by a tenant of a building of several floors and who had frequently used an elevator, which was in the care and control of the owner of the building and was used in common by the several tenants, upon the elevator becoming caught between floors went through a gate, crawled to the floor of the elevator and without authority or permission of the owner of the building used a sledge

hammer to knock away an obstruction so that the elevator fell, causing his conscious suffering and death, such result must be held to have been caused by negligence on his part; and G. L. c. 231, § 85, does not require submission to the jury of an action by the administrator of his estate against the owner of the building for causing such conscious suffering and death.

TORT by the administrator of the estate of David Broderick for causing conscious suffering and the death of the plaintiff's intestate. Writ dated June 23, 1924.

In the Superior Court, the action was tried before *Lawton,* J. Material evidence is described in the opinion. At the close of the evidence, by order of the judge, a verdict was entered for the defendants. The plaintiff alleged exceptions, which, after the resignation of *Lawton,* J., were allowed by *Irwin,* J.

The case was submitted on briefs.

*F. W. Burke, G. F. Leary, & G. D. Cummings,* for the plaintiff.

*E. Hutchings,* for the defendants.

CROSBY, J. This is an action to recover for the conscious suffering and death of the plaintiff's intestate, one Broderick, who was killed by the fall of an elevator in a building owned by the defendants. The elevator was under the care and control of the defendants and was used in common by the several tenants of the building, the intestate's employer, the Federal Abrasive Works, occupying the third floor.

The undisputed evidence showed that the intestate's employment had continued for the period of six months before the accident, and that he had frequently used the elevator for the purpose of carrying freight; that repairs on the elevator and gates, if needed, were made by the defendants' engineer; that its entrances were closed by metal covered doors and that openings on each floor were provided with wooden gates which were raised by hand and closed automatically when the elevator left the floor; that on the morning of the accident the elevator was about eighteen inches below the third floor, where it had become caught on some portion of the gate; that one end of the gate was out of the groove in which it ran, so that it extended about two inches

into the elevator well, thus preventing the gate from being raised; that while the elevator was in that position, the intestate stooped down and went under the bottom rail of the gate, through an opening "two feet one inch wide above the floor," and down to the floor of the elevator; that he had in his hand a six-pound sledge hammer with which he struck the lower cross piece of the gate one or more times, and the elevator dropped to the basement, thereby causing the injuries from which he died.

The act of getting upon the platform of the elevator and striking the gate with a heavy hammer for the purpose of releasing it, was a use of the elevator not contemplated by the defendants. The intestate had no authority to make repairs upon it, and, apart from its use to carry freight, at the time of the accident he was not engaged in the performance of any duty. If the elevator was out of repair, it was not for the intestate, as he must have known, to undertake to put it in running order. It was his duty to report its condition to the defendants or their engineer. *McManus* v. *Thing*, 194 Mass. 362. Upon the evidence the intestate had no greater rights against the defendants than his employer had, and its right was limited to the use of the elevator for carrying freight. *Boudreau* v. *Johnson*, 241 Mass. 12. The intestate was familiar with the manner in which it should be operated. To go upon it and strike the gate with a heavy hammer in order to release it, was knowingly performing an act of great danger to himself and something which an ordinarily prudent person would condemn as careless. His conduct in so exposing himself to injury would not warrant a finding that he was in the exercise of due care. *Murphy* v. *Webster*, 151 Mass. 121, 126, 127. *Rood* v. *Lawrence Manuf. Co.* 155 Mass. 590. *Degnan* v. *Jordan*, 164 Mass. 84. *Ramsdell* v. *Jordan*, 168 Mass. 505.

Upon the undisputed facts it is manifest that the rational inference to be drawn is that of contributory negligence or want of due care.

It is not required by St. 1914, c. 553, now G. L. c. 231, § 85, that the case be submitted to the jury. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 379. *Benton* v.

*Watson,* 231 Mass. 582. A verdict was rightly ordered for the defendants. The question whether the evidence warranted a finding of negligence, need not be considered.

*Exceptions overruled.*