444 P.2d 766

STATE of New Mexico, Plaintiff-Appellee,

v.

Morris LINDWOOD, Defendant-Appellant.

No. 132.

Court of Appeals of New Mexico.

Aug. 9, 1968.

**440**

James D. Durham, Jr., Esther L. Smith, Clovis, for appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Chief Judge.

Morris Lindwood was tried to a jury and convicted of unauthorized entry with intent to commit theft in violation of § 40A–16–3, N.M.S.A.1953. At the close of the evidence the trial court instructed the jury and final argument commenced. During the course of the state's closing arguments reference was made to an instruction on impeachment. Appellant moved for a mistrial on the ground that the state was arguing on an instruction which was not given.

In agreeing that the instruction on impeachment had not been given the court stated that the omission was inadvertent and sent the reporter to bring the missing instruction which was then identified as 14a and read to the jury. The court then said: "In order to have proper continuity here, the defendant will be given an opportunity at this point to argue Instruction 14a on impeachment and then the State may conclude." Defendant then presented argument on the Instruction 14a after which the state concluded its closing argument.

By this appeal appellant asserts error in denial of his motion for mistrial based on two grounds. First he asserts that failure of the trial judge to instruct the jury prior to closing arguments as required by § 41–11–12, N.M.S.A.1953, resulted in a denial of due process. Second he contends that giving the instruction out of time and sequence directed undue attention to the particular subject.

In our opinion there is no merit to either contention. Although § 41–11–12, supra, provides the judge shall charge the jury before argument of counsel this rule is not without exception. It is well recognized in New Mexico that instructions may properly be given out of sequence under certain circumstances. For example a so-called "shotgun" or supplemental instruction given after the jury had retired to their deliberations was approved in Garcia v. Sanchez, 68 N.M. 394, 362 P.2d 779 (1961), and State v. Hatley, 72 N.M. 377, 384 P.2d 252 (1963), and instructions in response to jury questions have likewise been approved. State v. Moore, 42 N.M. 135, 76 P.2d 19 (1938); State v. Nelson, 65 N.M. 403, 338 P.2d 301 (1959).

Language in State v. Beal, 48 N.M. 84, 146 P.2d 175 (1944), which appellant claims makes instruction *prior* to argument mandatory is taken out of context and was clearly directed to another provision of this rule (§ 41–11–12, supra). We do not feel that it was directed toward or intended to apply to the instant situation. Directions in a statute which are not the essence of things to be done are not commonly considered mandatory, particularly where failure to comply does not result in prejudice. State ex rel. Sun Co. v. Vigil, 74 N.M. 766, 773, 398 P.2d 987 (1965); Ross v. State Racing Commission, 64 N.M. 478, 481, 330 P.2d 701 (1958).

Adoption of the rule providing for instruction of the jury prior to argument of counsel was not intended as an invariable rule to be administered in such a manner as to deprive the trial judge of his right to give additional instructions where the situation warrants such action. State v. Moore, supra.

We recognize that it is error to single out one instruction for undue emphasis. Terry v. Biswell, 66 N.M. 201, 345 P.2d 217 (1959); Scott v. Brown, 76 N.M. 501, 416 P.2d 516 (1966). However, as pointed out in Scott v. Brown, supra, absolute uniformity in manner and form of presenting instructions to the jury is

seldom obtained. Appellant has the burden of demonstrating that he was prejudiced by the claimed error and the mere fact that an instruction is given out of the ordinary sequence, even in plain contravention of statute does not of itself establish prejudice. Wheeler v. Hotel Stevens Co., 71 Wash. 142, 127 P. 840 (1912); Purcell v. Warburton, 70 Wash. 129, 126 P. 89 (1912); Mann's Adm'r v. Reynolds, 150 Ky. 313, 150 S.W. 329 (1912). We are impressed that the court acted immediately to supply the impeachment instruction as soon as its omission became known and appellant availed himself fully of the opportunity to argue the point prior to the state's closing its argument. In our view appellant has not met the burden imposed upon him.

Finding no prejudice the error was harmless. We do not correct harmless error. Irwin v. Lamar, 74 N.M. 811, 399 P.2d 400 (1964).

Finding no error the judgment will be affirmed.

It is so ordered.

ARMIJO, J., concurs.

WOOD, Judge (dissenting).

In my opinion, the trial court committed two errors, and the combination of these two errors prejudiced the defendant.

1. *Undue emphasis on the instruction.*

The jury had been instructed; final arguments were taking place. The state had made its opening argument and defendant had made his argument. The state was making its closing argument.

Most of the state's closing argument had been completed when the District Attorney referred to an instruction on impeachment. No instruction on impeachment had been given. Defendant objected.

In the presence of the jury, the trial court agreed that no impeachment instruction had been given, stating that it had been inadvertently omitted. The proceedings were at a standstill while the trial court sent his reporter to fetch the instruction. The instruction was then read to the jury. Defendant, who had previously concluded his jury argument, was then allowed to argue the impeachment instruction. The state then concluded; a substantial portion of these concluding remarks pertained to the impeachment instruction.

The majority opinion states that "it is error to single out one instruction for undue emphasis." The impeachment instruction was unduly emphasized; from the time of defendant's objection until the case was submitted to the jury the emphasis was on the impeachment instruction.

2. *The rule.*

" * * * [T]he judge in all cases shall charge the jury before the argument of counsel." Section 41–11–12, N.M.S.A. 1953; § 21–1–1(51) (2) (e) N.M.S.A. 1953 (Supp.1967). The majority hold that this rule does not " * * * deprive the trial judge of his right to give additional instructions where the situation warrants such action." I assume that the majority have correctly stated the law; however, I do not believe that the situation warranted the trial court in giving the additional instruction.

We are not concerned here with instructions given after the case had been submitted to the jury; rather, the instruction was given during an interruption in closing argument of counsel. What warranted the giving of the instruction? The only thing in the record supporting the trial court action is the comment by the judge that the instruction had been inadvertently omitted. This omission does not, in my opinion, justify giving the instruction at that point in the trial because by giving it the trial court singled out and unduly emphasized one instruction. I would hold that the trial court violated the rule.

3. *Prejudice.*

To obtain a reversal, I assume defendant must have been prejudiced by the two errors. Wheeler v. Hotel Stevens Co., supra; Purcell v. Warburton, supra; compare Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585 (1943).

The impeachment instruction was unduly emphasized; it was given in violation of the rule that the jury is to be instructed prior to argument of counsel. In my opinion, prejudice is shown by the fact that the unduly emphasized instruction was given in violation of the rule.

The majority feeling otherwise, I dissent.