564 P.2d 1345

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**James GRIEGO, Defendant-Appellant.**

**No. 2873.**

Court of Appeals of New Mexico.

May 17, 1977.

Certiorari Denied June 8, 1977.

**464**

N. Tito Quintana, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

■ Defendant was convicted of embezzling merchandise samples furnished by his employer. The jury determined the value of the merchandise was over $100 but not more than $2500. Sec. 40A–16–7, N.M.S.A.1953 (2d Repl. Vol. 6). Defendant's claim that the State failed to prove market value, see U.J.I.Crim. 16.01, is frivolous. There is substantial evidence of market value. Defendant's claim that the trial court erred in excluding an exhibit is without merit. The trial court excluded the exhibit after the prosecution objected that no foundation had been laid to show the relevancy of the exhibit. Defendant argues the question of relevancy on appeal; however, he made no attempt to demonstrate relevancy to the trial court. The transcript of the trial proceedings does not show the trial court abused its discretion in excluding the exhibit. *State v. Bell,* N.M., 560 P.2d 925 (1977). The remaining issue involves two instructions of the trial court.

The trial court gave the authorized instruction stating the elements of embezzlement. In addition, at the prosecution's request, the jury was instructed on "intent to deprive" and the meaning of "entrusted". Both phrases are used in the authorized instruction, U.J.I.Crim. 16.31. On appeal defendant argues that the instruction on entrustment is unintelligible. No such contention was made to the trial court, it will not be considered. N.M.Crim.App. 308, *State v. Justus,* 65 N.M. 195, 334 P.2d 1104 (1959).

Defendant's objections in the trial court to the additional instructions were: 1. They unduly emphasized certain elements of embezzlement, and 2. They should not be given because they are not included in the Uniform Jury Instructions authorized by the Supreme Court for use in criminal cases.

■ The additional instructions did not unduly emphasize certain elements of the crime. See *State v. Lindwood,* 79 N.M. 439, 444 P.2d 766 (Ct.App.1968). There was no undue emphasis because the instructions did no more than explain the meaning of "intent to deprive" and "entrusted". See *State v. Gonzales,* 86 N.M. 556, 525 P.2d 916 (Ct.App.1974); *State v. Bell,* 84 N.M. 133, 500 P.2d 418 (Ct.App.1972).

It was not necessary to give the additional instructions; if they had been refused it would not have been error. Committee Commentary to U.J.I.Crim. 16.31; *State v. Moss,* 83 N.M. 42, 487 P.2d 1347 (Ct.App. 1971). However, they were given; the question is whether the giving of these unnecessary instructions was error.

■ We hold there was no error. The additional instructions are not among those

prohibited, the additional instructions did not alter an approved instruction, the additional instructions do not conflict with an approved instruction; the additional instructions went to definitions not covered by the approved instruction. See General Use Note to U.J.I.Crim. In these circumstances, defendant may properly be required to show how he was prejudiced by the unnecessary additional instructions. No prejudice has been shown.

The Judgment and Sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concurring.