[No. 31521. Department Two. August 30, 1951.]

JOSEPH GORBULOVE, *Appellant*, v. HARRY BUTTNICK *et al., Respondents.*[1]

*Monheimer, Schermer & Mifflin (Melville Monheimer, Jr., of counsel), for appellant.*

*N. A. Pearson* and *William A. Edmund,* for respondents Buttnick.

*Joseph Matsen* and *Eli M. Paulson,* for respondent Remmen.

[1]Reported in 235 P. (2d) 158.

MALLERY, J.—The plaintiff was a subtenant of quarters on the fourth floor of the sixty-five-year-old Maynard building in Seattle. He brought this action against the owners and the tenant of the building for injuries received when he fell down the elevator shaft. He had been notified, sometime prior to the accident, that the elevator service would be discontinued. He made arrangements by which he and his two associates could, nevertheless, use the elevator themselves. This was gratuitous and for their own convenience. Accordingly, he purchased a chain and padlock and kept the door to the elevator shaft, on the floor where the elevator was located, chained shut to the elevator. The elevator was an open ironwork cage without a door. Thus, when he would use the elevator he would remove the chain to the door of the shaft, take the elevator to the desired floor and, upon leaving it, would replace the chain as before. The elevator shaft, on the first floor, is located off a small lobby, which is lighted by a fifty-watt ceiling light. Even by the testimony most favorable to the plaintiff concerning the lighting conditions, the inside of the elevator cage can be seen, at least dimly, *after* the elevator shaft door is opened.

On the day of his injury, December 2, 1947, at about four p.m., plaintiff came into the first floor lobby, saw the chain in place, assumed the elevator was there, removed the chain, opened the shaft door, and stepped into the open shaft.

This action, for the injuries then received, was tried to a jury. The court dismissed it at the close of plaintiff's case, and the plaintiff appeals.

■ The appellant contends that he was not guilty of contributory negligence as a matter of law. The rule is, as appellant concedes it to be, that one who opens an elevator shaft door and enters without ascertaining or attempting to ascertain that the elevator is there and is injured by a fall into the empty shaft, is guilty of contributory negligence, as a matter of law. *Senseney v. Landay Real Estate Co.*, 345 Mo. 128, 131 S.W. (2d) 595; *Blankertz v. Mack & Co.*, 263 Mich. 527, 248 N. W. 889; *Wheeler v. Hotel Stevens Co.*, 71 Wash. 142, 127 Pac. 840; *Cole v. Keeler Brass Co.*, 281 Mich.

441, 275 N. W. 201; *Bremer v. Pleiss*, 121 Wis. 61, 98 N. W. 945.

Appellant, however, seeks to avoid the applicability of the rule upon the ground that he had been deceived by the respondent, in that she had permitted others to use the elevator in violation of her agreement for his exclusive use. In other words, he asserts he had a right to assume that the elevator was there, when he saw that the chain was in place. This right, he claims, exculpates him from contributory negligence, under the rule requiring him to look for the elevator after opening the door.

Conceding that there was an agreement for his exclusive use of the elevator, still it is undisputed that, on a prior occasion, he had given the keys to Mrs. Remmen, the tenant, so that she could use the elevator. He knew that she had had extra keys made and that a Mr. Roberts had a key and used the elevator on the day in question or, at least within a few days prior thereto. He had remonstrated with Mr. Roberts about his using the elevator. He knew that a Mrs. Morton, his associate, and her son, who were absent on the day in question, had a key which he had given them, and which they used several times a week. He had remonstrated with Mrs. Remmen about the use of the elevator by other persons, upon the ground that he did not want to be responsible for their use of it. Thus, it affirmatively appears that he knew the agreement he relies on was being breached. He has not shown that, at the time of the accident, he had any sound reason to believe that the breach had been cured so as to eliminate the possibility of others using the elevator.

Therefore, he knew, at the time of the accident, that it was possible for some one else to have the elevator on another floor. His failure to guard against this possibility is contributory negligence under the purview of the cited cases.

This being conclusive as to his right to recover herein, the question of respondents' negligence, if any, is academic. We are not required to pass upon it.

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, HAMLEY, and WEAVER, JJ., concur.