REGAN, Judge.
The plaintiff, Edward H. Breen, filed this suit against the defendants, Otis Elevator Company, the Employers Liability Assurance Corporation, its liability insurer, E. Lyle Aschaffenburg and Albert L. Aschaffenburg, endeavoring to recover the sum of $80,000.00, representing damages for personal injuries which he asserts were incurred as the result of the negligence of the defendants in causing him to fall into an elevator shaft.
The defendants answered, and denied the plaintiff’s accusations of negligence and then pleaded his contributory negligence as an affirmative defense. The Aschaffenburgs pleaded the prescription of one year predicated on the fact they were neither sued nor served until more than a year had elapsed from the date of the plaintiff’s injury.[1] The Bituminous Casualty Corporation, the workmen’s compensation insurer of the Pontchartrain 'Hotel, wherein the plaintiff’s accident occurred, intervened herein in order to recover compensation which it had paid to the plaintiff in conformity with the requirements of the statute.
The trial occurred before a jury, which returned a verdict in favor of the plaintiff and against the Aschaffenburgs in the amount of $38,200.00. The jury found no negligence on the part of Otis Elevator Company or its insurer. Judgment was also rendered in favor of Otis Elevator Company and its insured dismissing the plaintiff’s suit as to them. While the trial court inadvertently omitted rendering judgment in favor of Bituminous Casualty Company for workmen’s compensation paid by it, counsel for all of the litigants have agreed and then stipulated in this court that judgment should be rendered in favor of Bituminous for workmen’s compensation paid in the event that the plaintiff’s award should be affirmed by us.
From the foregoing judgment, both the plaintiff and the Aschaffenburgs have prosecuted this appeal.
The record discloses that the plaintiff was employed as a bellman at the Pontchartrain Hotel in New Orleans. The Aschaffenburgs are owners of the Pontchartrain Hotel Corporation; however, they were not sued as owners thereof, but as co-employees or fellowservants of the plaintiff.[2]
The plaintiff, a twenty-one year old college student, was temporarily employed at the hotel from March 18, 1966, until July 12, 1966, the date of the accident. He worked six days each week, customarily on the 7:00 A.M. to 3:30 P.M. shift. During the entire period of his tenure, he used the elevator without incident, with the exception of the one which forms the subject matter of this suit.
The lobby of the hotel contains two elevators. The public elevator was installed in 1955, and it is an automatic push button type which is operated by its passengers. The other elevator was installed in 1926 and is used only by hotel personnel. It is only susceptible of manual operation because of the vintage of its manufacture.
The plaintiff testified that he operated this elevator on an average of twenty or thirty times per day during the period of his employment. The door thereof was normally opened by means of a cylindrical piece of metal commonly referred to in the trade as a lunar or emergency key, which was usually kept at the registration desk. In order to open the elevator door, the lunar key was inserted in a hole provided therefor whereupon it would depress a bar behind the door, referred to as a straight arm closure, which in turn would cause the door to open. The elevator was not equipped with what has been designated as an interlocking or parking device, which *778 would assure that the door leading to the elevator could not be opened without the elevator car being at that particular floor without the use of an additional key.
In any event, the plaintiff opened the door with the lunar or emergency key and unfortunately the elevator was not at the floor level. He stepped into the elevator shaft, fell approximately seven or eight feet, and struck his shoulder on an iron beam near the bottom of the shaft. When interrogated with respect to his behavior immediately preceding the accident, he made the following significant statement:
“I started to slide the door open. Somebody distracted me, I turned around and as I turned, I pushed the door open and walked in backwards without looking.”
It is not disputed by plaintiff’s counsel that this statement was made nor does he dispute the fact that this was the manner in which the plaintiff actually entered the elevator shaft. On the contrary, plaintiff’s counsel insists that an individual who is about to use an elevator is entitled to rely on his safe experiences derived from his customary usage thereof and the elevator’s dependability of operation, and he may, therefore, walk or step into this area without first looking in order to ascertain that the elevator is parked or stopped at the floor level. It is conceded that a light was continuously burning in the elevator, and that the plaintiff would have noticed the absence of a light before him if he had looked in the direction in which he was walking.
We have observed heretofore that when a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence and an alternative plea of contributory negligence, it is often expedient to initially consider the plea of contributory negligence, for if the facts disclose the existence of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether there was primary negligence in the defendant.
Our analysis of the rationale emanating from the jurisprudence leads us to the inevitable conclusion that the plaintiff was guilty of contributory negligence without which the accident would not have occurred. To reiterate for the purpose of emphasis, the plaintiff testified that as he was opening the door leading to the elevator, someone called to him, and he stepped into the elevator shaft as he looked backwards or to the side in the direction from which the voice came. The jurisprudence is emphatic to the effect that it is negligent to step backwards into an elevator shaft.[3] Moreover, it is also negligence to step into an elevator while looking to the rear.[4] This rationale stems from the basic concept that it is negligence for a person to open the door leading to an elevator and step therein without looking.[5]
The plaintiff’s hypothesis that he is entitled to anticipate the elevator’s mechanical predictability, and thereby walk through the door leading to the elevator shaft without first looking to ascertain the presence of the elevator car at his floor level is predicated on the Louisiana case of Johnson v. Johness,[6] wherein the court awarded the plaintiff damages by virtue of her falling into an elevator shaft. However, a cursory examination of the Johness case discloses that it is inapposite to the facts posed for our consideration herein. In that case, a domestic employee was per *779 mitted to use a private elevator in the home of her employer. The elevator was equipped with an interlocking device which was designed to prevent the opening of the elevator door, which was activated by a push botton, if the elevator car was not at the appropriate level. However, on the unfortunate day of the accident the interlocking device failed, and the plaintiff walked into the elevator shaft and injured herself. While the elevator in the Johness case was equipped with a light, the plaintiff’s employer had instructed her to keep the light out except when the elevator was in operation. In order to turn the light on, it was necessary to walk to the rear of the elevator car, where it was located. The plaintiff looked into the dark, and assuming the car was there, stepped in so as to reach the light switch which, to reiterate, was located at the back of the elevator. In the course of this endeavor, she fell and sustained grievous injuries.
The facts of the Johness case are obviously inapplicable to this case. There the maid exercised that degree of caution required of one using an elevator by initially looking in an endeavor to ascertain that it was there. Since the light was to remain turned off, it was necessary that she grope in the dark before reaching the rear of the car where she could turn it on. However, in this case, the plaintiff admittedly did not exercise that minimum degree of care by looking in the direction in which he was walking in order to ascertain the presence or absence of the elevator. If he would have done so, he would have noticed that the shaft was dark, and he therefore, would have concluded that the car was not parked at his floor level. However, he acted imprudently by stepping into the elevator shaft without taking the basic precaution of first observing where he was walking. Our evaluation of these facts has convinced us that the sole and proximate cause of the plaintiff’s injury was his own negligence in not exercising that degree of prudence which the environment of the accident dictated.
In view of the foregoing conclusion, it is unnecessary for us to engage in a discussion of the negligence of the defendants nor to consider the Aschaffenburg’s plea of prescription.
For the foregoing reasons, the judgment of the lower court in favor of the plaintiff and against E. Lyle Aschaffenburg and Albert L. Aschaffenburg is reversed, and judgment is now rendered in favor of. the defendants dismissing the plaintiff’s suit at his cost. The judgment of the lower court dismissing Otis Elevator Company and the Employers Liability Assurance Corporation is affirmed. The plaintiff is to pay all costs incurred herein.
Affirmed in part, reversed in part, and rendered.

. After the trial, the Aschaffenburgs again pleaded the prescription of one year by means of an exception, and this exception was overruled.

. See Jolly v. Travelers Ins. Co., La.App., 161 So.2d 354 (1964); Daigle v. Cobb, La.App., 175 So.2d 392 (1965).

. See Stein v. General Necessities Corp., 232 Mich. 322, 205 N.W. 104 (1925); Lee v. Carolina Upholstery Co., 227 N.C. 88, 40 S.E.2d 688 (1946); Writtenberry v. McKee, General Contractor, Inc., Tex.Civ.App., 337 S.W.2d 197 (1960).

. See Taustine’s Executor v. B. and B. Novelty, 305 Ky. 514, 204 S.W.2d 938 (1947); Cox v. Bondurant, 220 Mo.App. 948, 7 S.W.2d 403 (1925).

. Gorbulove v. Buttnick, 39 Wash.2d 266, 235 P.2d 158 (1951); Ridley v. National Casket Co., 161 N.Y.S. 444 (1916).

. La.App., 145 So.2d 588 (1962).